UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JASON WOOLLARD**,

    Plaintiff,

vs.

**METAMORA TOWNSHIP,** *a political subdivision of the State of Michigan*, **and RYAN DAVIS,** *an individual, in his individual and official capacities, jointly and severally*

    Defendants.

Case No:
Hon.
Mag.

---

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Morry D. Hutton (P81188)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
mhutton@deborahgordonlaw.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **Jason Woollard,** by his attorneys Deborah Gordon Law, complains against Defendants as follows:

1

1. This is an action for violations of federal and Michigan state law, arising out of Defendants' non-selection of Plaintiff for a full-time position with the Metamora Township Police Department based on Plaintiff's age.

## JURISDICTION AND PARTIES

2. Plaintiff, Jason Woollard, is a resident of Michigan and resides in the Eastern District of Michigan.

3. Defendant Metamora Township (hereafter referred to as "Defendant Township") is a political subdivision of the State of Michigan located in the Eastern District of Michigan.

4. Defendant Ryan Davis (hereafter referred to as "Defendant Davis") is an individual, who at all relevant times held the position of Police Chief of the Metamora Township Police Department and resides in the Eastern District of Michigan.

5. The Court has federal subject-matter jurisdiction in this case pursuant to 28 USC § 1331, and 28 USC § 1343, because the complaint states a claim that arises under the laws of the United States. The Court also has supplemental jurisdiction over Plaintiff's state law claim under and 28 USC § 1367 because this claim is so related to the federal claim that it is part of the same case or controversy.

6. Pursuant to 28 USC § 1391(b), venue is proper in this Court as it is in the district in which Defendants conduct business and in which the events giving rise to the claims took place.

## FACTUAL BACKGROUND

7. Plaintiff is a career law enforcement officer who has worked as a police officer for Grand Blanc Township for 25 years.

8. Since 2018, Plaintiff also worked part-time as a patrol officer for the Metamora Township Police Department.

9. Plaintiff's performance with both the Grand Blanc Township Department and the Metamora Township Police Department was always satisfactory or better.

10. On June 19, 2024, Plaintiff applied for a full-time position with the Metamora Township Police Department.

11. The position was open to internal candidates who were part-time officers interested in a full-time role with the department.

12. There were only two applicants: Plaintiff, then 50 years old; and "Officer I", who was approximately 28 years old.

13. Plaintiff was more experienced and more qualified for the position than "Officer I".

14. For one example, Plaintiff had 25 years of law enforcement experience, while "Officer I" had only 4 total years of law enforcement experience.

15. Plaintiff interviewed for the position.

16. On or about August 9, 2024, Defendant Davis informed Plaintiff that he had selected "Officer I" for the full-time position.

17. Defendant Davis told Plaintiff that Plaintiff had performed well in the interview and was highly qualified for the job.

18. On August 13, 2024, Plaintiff spoke to Defendant Davis about why "Officer I" was selected for the job.

19. Defendant Davis reiterated that Plaintiff was highly qualified, that he had performed well in the interview, and that his application materials were exceptional.

20. According to Defendant Davis, he selected "Officer I" for the job because he believed that, unlike Plaintiff, "Officer I" would be capable of working for the department for another 25 to 30 years.

21. Defendant Davis based this belief on "Officer I's" age and Plaintiff's age.

22. Defendant Davis remarked that, in contrast to "Officer I" (who was 28 years old), if Plaintiff (who was 50 years old) worked for the department that long, Plaintiff would be 75 years old.

23. In other words, although Plaintiff was more experienced and highly qualified for the position, Defendants viewed Plaintiff as a less attractive candidate because he was already 50 years old, and in sharp contrast saw "Officer I" as a more attractive candidate because he was 28 years old.

24. Moreover, prospective candidates were never advised in the application or interview process that a commitment to stay with the department for 25-30 years was a requirement for selection.

4

25. Ultimately, Defendants did not select Plaintiff for the full-time position because of his age.

26. On September 23, 2024, Plaintiff received a Right to sue letter from the EEOC.

## LEGAL CLAIMS AND CAUSES OF ACTION

### COUNT I
*Violations of the Age Discrimination in Employment Act* **("ADEA") (as against Defendant Township)**

27. Plaintiff repeats and realleges all foregoing paragraphs as if they were set forth fully herein.

28. Defendant Township is an employer covered by the ADEA 29 USC § 623 *et. seq.*

29. Defendant Township engaged in prohibited conduct by not selecting Plaintiff in whole or substantial part because of his age, in violation of the ADEA, 29 USC § 623(a)(1).

30. The stated reasons for Defendant Township's conduct were not the true reasons, but instead were pretext to hide its discriminatory animus.

31. Defendant Township's actions were willful, as they were committed in knowing and/or reckless disregard for the law.

32. As a result of Defendant Township's conduct as alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost

earnings and earning capacity, lost career opportunities, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, mental anguish, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of his choice.

## COUNT II
### *Violations of the Elliott-Larsen Civil Rights Act*
### *Discrimination Based on Age* **(as against both Defendants)**

33. Plaintiff repeats and realleges all foregoing paragraphs as if they were set forth fully herein.

34. At all material times Plaintiff was an employee or job applicant and Defendants were his current and prospective employers, covered by and within the meaning of the Elliot-Larsen Civil Rights Act, MCL § 37.2101, et seq.

35. Defendants discriminated against Plaintiff within the meaning of the Elliott-Larsen Civil Rights Act with respect to his non-selection for employment because of his age, 50 years old at the relevant time.

36. Plaintiff's age was at least one determining factor in Defendants' decision to treat Plaintiff differently with respect to the conditions of employment.

37. At all times leading up to his non-selection Plaintiff was capable of performing his job, and the full-time job he sought at a satisfactory or above satisfactory level.

6

38. Plaintiff's non-selection was not due to a lack of the required knowledge, skills, abilities, or performance for the position, but because of his age.

39. Defendants' actions as described above were intentional and in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

40. As a result of Defendants' conduct as alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost earnings and earning capacity, lost career opportunities, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, mental anguish, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of his choice.

## RELIEF REQUESTED

Plaintiff demands judgment against Defendants as follows:

**A. LEGAL RELIEF:**

1. Economic damages in whatever amount he is found to be entitled;

2. Compensatory damages in whatever amount he is found to be entitled;

3. Liquidated damages in whatever amount he is found to be entitled;

4. Exemplary damages in whatever amount he is found to be entitled; and

5. An award of interest, costs, reasonable attorney fees, and expert witness fees.

**B. EQUITABLE RELIEF:**

7

1. An order from this Court placing Plaintiff in the position he would have been in had there been no wrongdoing by Defendant, including reinstatement with back pay;

2. An award of interest, costs and reasonable attorney fees; and

3. Whatever other equitable relief appears appropriate at the time of final judgment.

Dated: December 20, 2024                     **DEBORAH GORDON LAW**
                                             */s/Deborah L. Gordon*
                                             Deborah L. Gordon (P27058)
                                             Attorneys for Plaintiff
                                             33 Bloomfield Hills Parkway, Suite 220
                                             Bloomfield Hills, Michigan 48304
                                             (248) 258-2500
                                             dgordon@deborahgordonlaw.com

## JURY DEMAND

**Plaintiff Jason Woollard**, by and through his attorneys **Deborah Gordon Law**, hereby demands a trial by jury of all the issues in this case.

Dated: December 20, 2024                     **DEBORAH GORDON LAW**
                                             */s/Deborah L. Gordon*
                                             Deborah L. Gordon (P27058)
                                             Attorneys for Plaintiff
                                             33 Bloomfield Hills Parkway, Suite 220
                                             Bloomfield Hills, Michigan 48304
                                             (248) 258-2500
                                             dgordon@deborahgordonlaw.com